UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


JOSE A. HERNANDEZ,

            Petitioner,         2:12-cv-02094-SU


          v.               FINDINGS AND
                             RECOMMENDATION

STEVE FRANKE,

            Respondent.


SULLIVAN, Magistrate Judge.

     Petitioner, is in the custody of the Oregon Department of
Corrections pursuant to a Judgment, dated October 26, 2006
from the Marion County Circuit Court after convictions for two
counts of Unlawful Use of a Weapon and a count of Felon in
Possession of a Weapon.  Exhibit 101.[1]  After a bench trial,

---

[1] Petitioner is also in custody pursuant to another conviction
and sentence which are not being challenged in this
proceeding.

1 - FINDINGS AND RECOMMENDATION

the court imposed sentences totaling 123-months incarceration. *Id*.

Petitioner appealed his convictions, but the Oregon Court of Appeals affirmed without opinion. And the Oregon Supreme Court denied review. Exhibits 106-112.

Petitioner filed a First Amended Petition for Post-Conviction Relief, Exhibit 113, but the Umatilla County Circuit Court denied relief. Exhibit 121. Petitioner appealed and the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 122 - 126. Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging three claims of ineffective assistance of counsel. Petition (#2). Respondent argues that each of those claims was denied in a state-court judgment that reasonably applied federal law and that petitioner's petition should be dismissed with prejudice. Response to Petition (#21), p. 1.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court

proceedings." 28 U.S.C. § 2254(d); <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing <u>Bell v. Cone</u>, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the

state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.

Ground One: After sentencing petitioner on his first conviction for Unlawful Use of a Weapon, the trial court found that petitioner's second conviction arose from a "separate act against a separate victim." Exhibit 104, p. 532. Because petitioner's second conviction arose out of a separate criminal episode, under Oregon law, the court was allowed to consider petitioner's first conviction in calculating his

criminal history score for the purpose of sentencing him on his second conviction. *See*, State v. Yashin, 199 Or. App. 511, 514, *rev. den.* 339 Or. 327 (2005) (*citing* State v. Bucholz, 317 Or. 309, 317 (1993)); *see also*, ORS 131.505(4).

Petitioner alleges as Ground One that he "was given an illegal sentence when sentenced as a 6B instead of 6C," and that his trial attorney was ineffective "in his failure to object and make appropriate legal argument at sentencing." Petition (#2), p. 6. Petitioner alleged a similar claim in his PCR petition:

> [Trial counsel was ineffective because he] "Failed to object at the time of sentencing to the trial Court reconstituting Petitioner's Criminal History Score on Count 2 – Unlawful Use of a Weapon With a Firearm from a "C" to a "B" thereby sentencing the Petitioner to an illegal 48-month sentence. Since the criminal activity in Counts 1 and 2 arose out of the same act and transaction and occurred as a part of the same criminal episode, the Trial Court could not legally raise the petitioner's Criminal History Score from "C" to "B" on Count.

Exhibit 113, p. 3.

The PCR court rejected petitioner's claim as follows:

> I am finding that counts one and two are not the same incident. There were two separate victims. The encounter with the first victim had basically concluded. Although the timing is close, that victim was out of the picture – well, that victim was no longer the person you were interacting with when you chose to again point a gun at a different person.
>
> The [trial] court made the appropriate findings. The court found it was not the same incident, and the court was entitled to sentence separately on

5 – FINDINGS AND RECOMMENDATION

those two cases.

Exhibit 119, p. 12.

Petitioner has not rebutted the trial court factual findings that the convictions constituted separate criminal episodes by any "clear and convincing evidence." Therefore, the state court factual findings are entitled to a presumption of correctness. § 2254(d)(2) and (e)(1). In addition, the PCR court conclusion that under Oregon law, any objection to the trial court's finding that petitioner's second conviction for Unlawful Use of a Weapon arose out of a separate criminal episode would have been meritless is not subject to review in this proceeding. *See*, Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002) (state courts have "the last word on the interpretation of state law."); *see also*, Estelle v. McGuire, 502 U.S. 62, 67 (1991)("federal habeas corpus relief does not lie for errors of state law") (*Quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1984)).

Because the PCR court concluded that any objection to the trial court sentencing petitioner's Unlawful Use of a Weapon counts as separate incidents was proper under Oregon law, counsel was not deficient for failing to object to petitioner's sentence in this regard and the PCR court conclusion was not an unreasonable application of *Strickland* and is entitled to deference by this court.

Ground Two: Under Oregon sentencing law, when a trial court imposes a sentence to be served consecutively to the sentence imposed on the primary offense, the court must shift the defendant's criminal history score on the consecutively sentenced offense to the "I" column of the sentencing-guideline grid. OAR 213-012-0020(2)(A). However, the "shift to I" rule does not apply to a conviction that arises from a separate criminal episode. *See*, State v. Miller, 317 Or. 297, 306 (1993).

Petitioner alleges as Ground Two that his trial counsel was ineffective for failing to object to "the trial court sentencing plaintiff on count 5, Felon in Possession of a [Weapon] . . . and [did] not follow a Shift to I Rule of the Oregon Sentencing Guidelines." Petition (#2), p. 6.

Petitioner alleged a similar claim in his PCR petition, alleging that trial counsel was ineffective because he:

> Failed to object to the Trial Court sentencing the Petitioner on Count 5 - Felon in Possession of a Firearm as a '6C' instead of a '6I' and not following the 'shift to I rule of the Oregon Sentencing Guidelines pursuant to Oregon Administrative Rule OAR 213-012-0020(2)(a)(B) and ORS 137.121 and thereby imposing an illegal sentence of 15 months to the Oregon Department of Corrections consecutive to Counts 1 and 2.

Exhibit 113, p. 3.

The PCR court rejected petitioner's claim explaining:

> There is no shift to I on the ex-convict in possession charge.

7  - FINDINGS AND RECOMMENDATION

> That count has nothing to do with the two people to
> whom you showed the gun.  It had to do with you put
> a gun in your pocket, knowing you've been convicted
> of a felony.  So that case happened before your
> episode at the bar.

Exhibit 120, pp. 12-13.

As noted above, the interpretation of state law is not subject to review by this court.  Thus, the PCR court's conclusion that any objection to petitioner's sentence would have been meritless and that petitioner's counsel was not deficient for failing to object was not an unreasonable application of *Strickland*, is entitled to deference by this court.

<u>Ground Three</u>:  Petitioner alleges as Ground Three that his counsel was ineffective because he "failed to raise a discovery due process 'Brady' violation due to the failure of the state to preserve all surveillance tapes." Petition (#2), p. 7.

Petitioner alleged a similar claim in his PCR proceeding.  Exhibit 113, p. 3.  The PCR court rejected petitioner's claim, finding that "[t]here is no evidence . . . that the State destroyed or withheld anything," there is "no evidence that the attorney failed to do anything that the attorney should have done," and, that there is "no evidence of prejudice." Exhibit 120, p. 13.

Petitioner has not rebutted the PCR factual finding

8 - FINDINGS AND RECOMMENDATION

that there was no evidence that the state withheld or
destroyed any evidence by clear and convincing evidence.
Therefore, the finding is entitled to be correct in this
proceeding.28 U.S.C. § 2254(d)(2) and (e)(1). Moreover,
it is supported by the record that establishes that the
state disclosed the video-surveillance of the incidents
giving rise to the charges against petitioner to
petitioner's defense investigator. Exhibit 104, pp. 348-
50, 410-12. The state's detective and the defense
investigator agreed that the video quality on the CD was
poor and that the CD contained little evidentiary value.
*Id.*, pp. 319, 335, 349-50, 412-13. The state's detective
obtained a second CD which was also disclosed to the
defense investigator.  The second CD contained the same
footage as the first CD. *Id.* pp. 348-50, 414-15.  The
defense investigator testified that the second CD had
additional footage that occurred after the footage he had
reviewed on the first CD.  However, he testified that
"there was nothing of importance shown there." *Id.* p.
416. The record contains no other indication of any other
video surveillance evidence.

Because there was no evidence that the state had
withheld or destroyed any evidence, trial counsel
reasonably decided not to make such an allegation and

petitioner was not prejudiced by his failure to do so. I find that the PCR court determination that counsel was not ineffective was not an unreasonable application of *Strickland*.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant

10  - FINDINGS AND RECOMMENDATION

to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this  20th day of January, 2015.

/s/ Patricia Sullivan
_____
Patricia Sullivan
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION